Logan Hay and R. Allan Stephens, Surviving Partners of Brown, Hay and Stephens, Appellees, v. The First National Bank of Springfield, Illinois, Appellant.

## Gen. No. 8,051.

1. BANKING—*when drawn bank cannot charge off check credited to depositor.* Where the holder of a check deposits it in the bank on which it is drawn and the bank credits his account with the amount and charges the drawer's account, it cannot thereafter, without the holder's consent, charge his account and credit the drawer's, notwithstanding its deposit slips provide that all items received for deposit are credited "subject to final payment, reserving the right to charge back any items not paid."

2. BANKING—*insufficiency of evidence to show drawee bank's right to charge off check credited to depositor.* In suit by a depositor against a drawee bank for the amount of a check credited to the former's account but afterwards charged back, the bank's claim that it was justified in this because the drawer's account with it was partly based on doubtful checks is without merit after it has appropriated part of the drawer's account to payment of its own claims and paid out small checks upon it.

Appeal by defendant from the County Court of Sangamon county; the HON. ROGER E. CHAPIN, Judge, presiding. Heard in this court at the October term, 1926. Affirmed. Opinion filed April 22, 1927.

T. W. QUINLAN, for appellant.

BROWN, HAY & STEPHENS, for appellees.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

The appeal in this case is prosecuted from a judgment of the county court of Sangamon county, in favor of the appellees, Logan Hay and R. Allan Stephens, surviving partners of Brown, Hay & Stephens, and against the appellant, The First National Bank of Springfield, Illinois. The judgment is for $987.43, and based on a check drawn for that amount against an alleged balance due the appellees in their deposit account which the appellant bank carried. Whether or not that balance was legally due them and subject to check was the question presented for determination in the trial court, and is now involved in this appeal.

The material facts which are the basis of the judgment are practically undisputed. The Butler Oil Company was a depositor of the appellant bank, and had a deposit account there; it drew a check for the sum of $987.43 on May 28, 1924, against its account in the appellant bank, payable to the order of the Apex Petroleum Company, which was indebted to the appellees, and in the regular course of business, the Apex Petroleum Company assigned the check by indorsement to the appellees in payment of its indebtedness. The appellees who also had a deposit account in the appellant bank accepted the check, and on May 31st following deposited the check in the appellant bank, to be credited to their account in the bank. At the time the check was deposited by the appellees for credit in their account, and received by the appellant bank for that purpose, the Butler Oil Company had a credit balance in their checking account of $2,644.72. Appellees' deposit went through the regular course of clearance which is followed by the bank, to determine whether a check is acceptable and should be cleared, and, as a result, during the day upon which the appellees deposited the check, the credit balance in the checking account of the Butler Oil Company was charged with the amount of the check in question, namely, $987.43, and the same amount was credited to

the appellees in their account. Thereafter, on June 2, 1924, following, the appellant bank changed the entries in the respective accounts of the appellees and the Butler Oil Company, by transferring the amount of the check in question back as a credit to the account of the Butler Oil Company, and wiped out the credit given appellees, and the check was thereupon returned to the appellees, and at the same time notifying them that the bank refused to accept the check for the reason that the Butler Oil Company did not have sufficient funds on deposit for that purpose. The record also discloses the fact that on the day the credit which had been given the appellees had been withdrawn from their account and transferred back to the account of the Butler Oil Company, it restored the same amount of credit balance of the Oil Company as before the acceptance of the check from appellees for deposit, namely, $2,644.72; and that thereupon the appellant bank utilized this balance as restored in payment of a $2,500 note which it held against the Butler Oil Company. It is contended by the appellant bank that it was within its legal rights in revoking the transaction by which the appellees' account was credited with the amount of the check, on the day of its deposit, because it had accepted the check under the conditions printed on the deposit slip, which was used by the appellees in making the deposit. The conditions referred to, which are printed on the deposit slip, are as follows: "All items received by this bank for deposit are credited subject to final payment, reserving the right to charge back any items not paid." The conditions insisted upon as applicable here and indicated on the deposit slip are that it was received "subject to final payment," and "the right to charge back any items not paid." It is evident, however, that the matter of final payment could not have any reference to a check to be paid out of an account in the same bank where the deposit is made, but necessarily had reference to

checks deposited which are finally to be paid by other banks or persons, that it to say, where tentative payment is made by the bank of deposit and final payment is refused by some other bank on which it is drawn. In the conditions on the deposit slip two payments are involved, the preliminary payment by the bank receiving the check for deposit, and the refusal of final payment by the bank on which the check is drawn. In this case there could be but one payment in the regular course of the business of the bank, and the vital question presented for determination is, Was this check paid by the appellant bank on the day of its deposit by the appellees, by giving the account of the appellees credit for the amount of the check and charging the same against the account of the Butler Oil Company? Practically this same question was involved in the case of *American Exchange Nat. Bank v. Gregg,* 138 Ill. 596, and in that case the court said: ''At the close of business in the afternoon of June 14, the books of the bank showed a credit balance to the account of C. J. Kershaw & Co. of $11,401.17, and on the morning of June 15, Kershaw & Co. deposited to their credit $399,200. There were therefore sufficient funds in the bank to the credit of Kershaw & Co., as appeared from the books of the bank, to pay the check when payment was demanded, unless the bank had the right to deduct from the account of Kershaw & Co. a certain check for $256,800, which had been drawn on the bank by Kershaw & Co., in favor of D. Eggleston & Son, on June 13, two days before. This check, on the afternoon of June 13th, was taken to the bank by D. Eggleston & Son, properly endorsed by them. The bank accepted the check, stamped it, paid it, and placed the amount thereof to the credit of D. Eggleston & Son. But the bank did not then charge the check to the account of Kershaw & Co. If the bank had charged the check to the account of Kershaw & Co., their account would have been largely overdrawn. It also

appears that on the afternoon of June 14 the bank charged back the check for $256,800 to the account of D. Eggleston & Son, but the evidence fails to show any authority for this action from D. Eggleston & Son. * * * As has been seen, the check Kershaw & Co. gave to D. Eggleston & Son was presented to the bank for payment, properly endorsed by the payees. The bank received the check, stamped it, paid it, and placed the amount thereof to the credit of D. Eggleston & Son upon the books of the bank. This must be regarded as a payment of the check. The transaction was as complete a payment as if the bank, when the check was presented, had paid in money the amount thereof into the hands of D. Eggleston & Son, and they, in turn, had deposited the money in the bank to their credit. When the check was presented and accepted by the bank and cancelled, and deposited to the credit of D. Eggleston &.Son, as between the depositors and the bank the transaction was closed, and the bank had no authority afterwards, without the consent of D. Eggleston & Son, to charge the check back to their account. That act, without such consent, was a nullity.'' It is clear from the law stated in the case cited that the transaction between the appellees and the appellant bank with reference to the check in question, by which it was received for deposit, and as a deposit was credited to the deposit account of the appellees, and charged against the deposit account of the Butler Oil Company, in the regular course of the business of the bank, became a closed transaction between the parties on the day of the deposit and amounted to a payment of the check to the appellees on that day, and the bank had no authority afterwards to make the change by which it charged the check back without the consent of the appellees. Such act was a nullity.

Some evidence was offered on the trial tending to show that the balance to the credit of the Butler Oil Company in its account was not real, or was based

upon checks drawn on other banks that might be returned unpaid, and that the balance was in the control of the appellant bank, and could have been wiped out by them at any time. It is sufficient to say with reference to these contentions that the appellant bank is not in position to claim that the balance to the credit of the Oil Company was not really due the Oil Company and subject to its check, because the record discloses that the appellant bank after its transactions with the appellees continued to recognize this credit balance as due to the Butler Oil Company, by afterwards appropriating it to the payment of a note which it held against the Butler Oil Company, and after it had returned the check in question to appellees and also paid other small checks of the Butler Oil Company out of the same balance.

We find no error in the refusal of the court to hold the propositions of law presented by the appellant. The judgment is affirmed.

*Judgment affirmed.*